**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Betty Davis, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No.   14 C 7766 |
| Halsted Financial Services, LLC, an Illinois limited liability company, and Cascade Capital, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
|     Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Betty Davis, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) most of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.  Plaintiff, Betty Davis ("Davis"), is a citizen of the State of Michigan, from whom Defendants attempted to collect delinquent consumer debts owed for Salute and Tribute credit cards, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debts and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities

program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Halsted Financial Services, LLC ("Halsted"), is an Illinois limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. From its offices in Skokie, Illinois, Halsted operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Halsted was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Cascade Capital, LLC ("Cascade"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Cascade operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Cascade was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Cascade is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors.

7. Defendants Halsted and Cascade are both authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary

of State, attached as Group Exhibit A.  In fact, Halsted and Cascade both conduct business in Illinois.

8. Defendants Halsted and Cascade are each licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B.  In fact, Halsted and Cascade act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Davis is a senior citizen, with limited assets and income, who, during the beginning of 2008, fell behind on paying her bills, including debts she allegedly owed for Salute and Tribute credit cards.  At some point in time after those debts became delinquent, another bad debt buyer/debt collector, JH Portfolio Debt Equities ("JH Portfolio"), bought/obtained Ms. Davis's Salute and Tribute debts.  When JH Portfolio began trying to collect these debts from Ms. Davis, by having its collection agent and sister company, Credit Control, send her collection letters dated, September 27, 2013, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding Defendants' collection actions.  Copies of these letters are attached as Group Exhibit C.

10. On October 11, 2013, Ms. Davis's attorneys at LASPD informed JH Portfolio, through its collection agent and sister company, Credit Control, in writing, that Ms. Davis was represented by counsel as to each of the debts, and directed JH Portfolio to cease contacting her, and to cease all further collection activities because Ms. Davis was forced, by her financial circumstances, to refuse to pay her unsecured debts.  Copies of these letters and fax confirmations are attached as Group Exhibit D.

11. The effect of this notice was that these debts could then only be collected upon via a negative credit report or a lawsuit – calling or writing the consumer had to stop. Nonetheless, according to JH Portfolio's counsel, Defendant Cascade then bought/obtained Ms. Davis's alleged Salute and Tribute debts. Defendant Cascade then ignored the information in the account notes that told it, as the successor-in-interest, that it could no longer call or write Ms. Davis and had Defendant Halsted send Ms. Davis collection letters dated June 2, 2014, demanding payment of the Salute and Tribute debts. Nowhere in Defendants letters did they bother to state that Cascade was the current creditor. These letters also stated, in pertinent part:

* * *

> Failure to respond to this notice by 6/27/2014 will result in your account being sent back to our client to proceed against you with further collection activity.

* * *

Copies of these letters are attached as Group Exhibit E.

12. The Defendant knew, or should have known, that there were problems with the debts at issue due to the age of the portfolio of the debts that included Plaintiff's alleged debts. In fact, any reasonable review of the records on these accounts would have shown that the accounts should not have been collected upon in the manner at issue in this matter.

13. Moreover, these debts are also time-barred by the relevant statute of limitation for Plaintiff Ms. Davis in the State of Michigan (6 years) for the collection of credit card debts.

14. Accordingly, on August 17, 2014, Ms. Davis's LASPD attorneys had to

send Defendants letters directing that communications and collections had to cease. Copies of these letters and fax confirmations are attached as Group Exhibit F.

15. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communication And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the letters from Ms. Davis's agent, LASPD, told Defendants to cease communications and to cease collections (Group Exhibit D). By continuing to communicate regarding these debts and demanding payment (Group Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

20. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows that the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

23. Defendants knew, or should have known, that Ms. Davis was represented by counsel in connection with her debt because her attorneys at LASPD had informed Defendants' predecessors-in-interest, in writing, that she was represented by counsel, and had directed Defendants to cease directly communicating with Ms. Davis (Group Exhibit D). By directly sending Ms. Davis the June 2, 2014 letters (Group Exhibit E), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692e(5) Of The FDCPA –
### Threatening/Taking Actions That Can Not Be Legally Taken

25. Plaintiff adopts and realleges ¶¶ 1-16.

26. Section 1692e(5) of the FDCPA prohibits debt collectors from threatening to take actions that cannot legally be taken in connection with the collection of a debt, see 15 U.S.C. § 1692e(5).

27. Attempts by debt collectors to collect time-barred debts have widely been held to violate § 1692e of the FDCPA. See, Phillips v. Asset Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013); and, McMahon v. LVNV Funding, 2014 U.S. App. LEXIS 4592 (7th Cir. 2014).

28. Defendants' June 2, 2014 letters threatened to take an action that could not be legally taken when it stated that "Failure to respond to this notice by 6/27/2014 will result in your account being sent back to our client to proceed against you with further collection activity".  No further collection action could be taken on Ms. Davis's alleged debts because those accounts were time-barred.

29. By demanding payment of time-barred debts, and threatening consequences if the debts were not paid, Defendants took, or threatened to take, actions that they could not legally take and/or otherwise made deceptive or misleading statements, in violation of § 1692e of the FDCPA.

30. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT IV
### Violation Of § 1692g(a)(2)
### Failure To Identify Effectively The Name Of The Current Creditor

31. Plaintiff adopts and realleges ¶¶ 1-16.

32. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide Ms. Davis with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

33. Defendants' form collection letters violate § 1692g(a)(2) of the FDCPA because nowhere in Defendants' letter did it state that Cascade was the current creditor, see, <u>Braatz v. Leading Edge Recovery Solutions, LLC, et al.</u>, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2001); <u>Walls v. United Collection Bureau, Inc, et al.</u>, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012).

34. Defendants' violations of § 1692g of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## COUNT V
### Violation Of § 1692f Of The FDCPA -- Unfair Or Unconscionable Collection Actions

35. Plaintiff adopts and realleges ¶¶ 1-16.

36. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C. § 1692f.

37. Defendants, by sending letters to Ms. Davis to collect on debts which were time-barred, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

38. Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## COUNT VI
### Violation Of § 1692d Of The FDCPA -- Harassment Or Abuse

39. Plaintiff adopts and realleges ¶¶ 1-16.

8

40. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt, <u>see</u>, 15 U.S.C. § 1692d.

41. Defendants, by sending letters to Ms. Davis to collect on debts which are time-barred, engaged in conduct, the natural consequence of which is to harass, oppress or abuse her, in violation of § 1692d of the FDCPA.

42. Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Betty Davis, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Davis, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Betty Davis, demands trial by jury.

    Betty Davis,

    By: /s/ David J. Philipps
    One of Plaintiff's Attorneys

Dated: October 6, 2014

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

10